```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND,    :
WELFARE FUND, ANNUITY FUND, AND        :       17cv6485 (DLC)
APPRENTICESHIP, JOURNEYMAN RETRAINING, :
EDUCATIONAL, AND INDUSTRY FUND, et     :       OPINION AND ORDER
al.,                                   :
                                       :
                     Petitioners,      :
                                       :
             -v-                       :
                                       :
CAROLINA TRIM LLC,                     :
                                       :
                     Defendant.        :
                                       :
-------------------------------------- X
```

APPEARANCES:

For petitioners Trustees of the New York City District Council
of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and
Apprenticeship, Journeyman Retraining, Educational, and Industry
Fund, Trustees of the New York City Carpenters Relief and
Charity Fund, Trustees of the New York City Carpenters Relief
and Charity Fund, the New York City and Vicinity Carpenters
Labor-Management Corporation, and the New York City District
Council of Carpenters:
Marlie P. Blaise
Littler Mendelson, P.C.
1085 Raymond Blvd, 8th Floor
Newark, NJ 07102

Nicole Marimon
Todd Dickerson
Julie Anne Dabrowski
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, NY 10004

For defendant Carolina Trim LLC:
Brian Lee Greben
1650 Broadway, Suite 707
New York, NY 10019

DENISE COTE, District Judge:

On June 2, 2021, the New York City District Council of Carpenters (the "Union"), related pension funds and charity funds (the "Funds," together with the Union, "Petitioners"), and a related non-profit corporation, filed an amended petition to confirm and enforce an arbitration award and for associated attorneys' fees and costs under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and § 9 of the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA").  Respondent Carolina Trim LLC ("Carolina Trim") opposes the amended petition and seeks to limit the amount of recoverable attorney's fees. For the following reasons, the amended petition is granted in its entirety.

### Background and Procedural History

Events underlying this action are described in an Opinion of February 26, 2020, which is incorporated by reference.  See Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Carolina Trim LLC, No. 17-CV-6485 (VSB), 2020 WL 915815 (S.D.N.Y. Feb. 26, 2020) ("Carolina

Trim I").[1]  The procedural history and factual background
relevant to this Opinion are summarized below.[2]

I.    The First Award and Remand

Carolina Trim, a company that specializes in interior and
ceramic tile contracting, signed an Independent Building
Construction Agreement (the "CBA") with the Union.  Under the
CBA, Carolina Trim was required to remit contributions to the
Funds when performing work within the Union's scope and
jurisdiction and was also required to submit to audits by the
Funds to determine whether those remittances were made in full.
Id. at *1.  Carolina Trim's failure to submit to an audit
resulted in the Funds estimating a deficiency of $1,735,020.65
in delinquent contributions between May 11, 2011 and June 19,
2016.  Id. at *2.  Petitioners sent a Notice of Intention to
Arbitrate to Carolina Trim on June 21, 2016 for that amount.
Id.  Carolina Trim objected to the estimated amount and asked
the arbitrator to adjourn the initially scheduled September 22,
2016 hearing to permit time to gather necessary records for an

---

[1] This action initially came before the Honorable Vernon
Broderick.  It was reassigned to this Court on September 9,
2021.

[2] The following facts are derived from the Amended Petition to
Confirm an Arbitration Award and accompanying exhibits,
including the arbitrator's May 13, 2021 Amended Opinion and
Award; the Petitioners' briefs in support; and Carolina Trim's
brief in opposition and accompanying exhibits, including the
declaration of Mark Lautner, principal of Carolina Trim.

audit.  Id.  Carolina Trim failed to appear at the postponed hearing date of October 25, 2016 and did not provide records to allow Petitioners to complete the audit.  Id.  On October 27, 2016, the arbitrator entered an Opinion and Default Award in Petitioners' favor based on the estimated audit amount, which, with interest, liquidated damages, costs, attorney fees, and arbitration fees, totaled $2,345,212.55 (the "First Award"). Id.

Petitioners filed this action on August 25, 2017, seeking confirmation of the First Award.  Id.  Shortly thereafter, the parties informed the Court that an audit was underway.  Id.

On October 4, 2019, the parties submitted a joint letter reporting that the Funds' audit determined that Carolina Trim's deficiency totaled $116,369.60, based on a deficiency in principal payments of $73,840.72.  Id. at *4.  Petitioners nonetheless sought confirmation of the First Award or, in the alternative, remand to the arbitrator.  Id.  On February 26, 2020, Judge Broderick remanded the action to the arbitrator. Id. at *6.

II.  The Second Award and Amended Petition

At a hearing before the arbitrator on September 30, 2020, the parties discussed settlement.  The hearing was adjourned to allow the Funds' Trustees to approve a 36-month payment plan, which it ultimately did.  On or about October 15, Petitioners

4

sent Carolina Trim a settlement agreement describing an amount and payment plan.  Carolina Trim advised the Funds and the arbitrator that no settlement had been reached.  After a second arbitration hearing on February 4, 2021, the parties submitted letters to the arbitrator on March 9.

On May 13, 2021, the arbitrator entered an Amended Opinion based on the audited principal deficiency of $73,284.64.[3]  It awarded the Petitioners a total of $133,221.80 consisting of the deficiency in principal, interest, liquidated damages, late payment interest, promotional fund contributions, costs, attorney and arbitrator fees, and audit costs (the "Second Award").  In the opinion, the arbitrator stated that "this case can best be described as a manifestation of continued bad faith by this Employer," citing Carolina Trim's failures to submit to audits and appear at the arbitration hearings in 2016, scheduling difficulties during the second arbitration due to Carolina Trim's insistence on an in-person arbitration after the COVID-19 pandemic surged in New York, and the arbitrator's notes from the September 30 hearing indicating "the outline of a tentative agreement," which Carolina Trim now denied had been

---

[3] The principal deficiency found in the Second Award is $556.08 less than the $73,840.72 principal deficiency found by the audit and reported to this Court in October 2019.

reached.  Because no written settlement agreement existed, the
arbitrator concluded that no enforceable agreement existed.

On June 2, Petitioners filed an amended petition to confirm
the Second Award in the amount of $133,221.80 with interest
accruing as of May 13, 2021, in addition to seeking $38,984 for
140.2 hours of work in attorney's fees and $194.40 in service
fees and other costs incurred since the commencement of this
action in 2017.  Accordingly, the total judgment sought is
$172,400.20 plus interest.  Carolina Trim filed opposition on
July 19.  The petition became fully submitted on August 18.

### Discussion

A petition to confirm an arbitration award should be
"treated as akin to a motion for summary judgment." D.H. Blair
& Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).
Summary judgment may be granted only when the parties'
submissions "show that there is no genuine issue as to any
material fact and that the moving party is entitled to a
judgment as a matter of law." Fed. R. Civ. P. 56(c).

"An issue of fact is genuine if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party.
A fact is material if it might affect the outcome of the suit
under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th
10, 16 (2d Cir. 2021) (citation omitted).  "In assessing the

record to determine whether there is a genuine issue to be tried
as to any material fact, the court is required to resolve all
ambiguities and draw all permissible factual inferences in favor
of the party against whom summary judgment is sought." Moreno-
Godoy v. Kartagener, 7 F.4th 78, 84 (2d Cir. 2021) (citation
omitted).

        "The confirmation of an arbitration award is a summary
proceeding that merely makes what is already a final arbitration
award a judgment of the court." Beijing Shougang Mining Inv.
Co. v. Mongolia, 11 F.4th 144, 160 (2d Cir. 2021) (citation
omitted). "The review of arbitration awards is very limited in
order to avoid undermining the twin goals of arbitration,
namely, settling disputes efficiently and avoiding long and
expensive litigation." Id. (citation omitted). "Courts . . .
play only a limited role when asked to review the decision of an
arbitrator, and only a very narrow set of circumstances
delineated by statute and case law permit vacatur." Porzig v.
Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d
Cir. 2007) (citation omitted). "The arbitrator's rationale for
an award need not be explained, and the award should be
confirmed if a ground for the arbitrator's decision can be
inferred from the facts of the case. Only a barely colorable
justification for the outcome reached by the arbitrators is

necessary to confirm the award."  D.H. Blair & Co., 462 F.3d at
110 (citation omitted).  Section 301 of the LMRA draws upon
provisions of the FAA, "but by way of guidance alone."  Coca-
Cola Bottling Co. of New York v. Soft Drink & Brewery Workers
Union Loc. 812 Int'l Bhd. of Teamsters, 242 F.3d 52, 54 (2d Cir.
2001).

The Second Award is confirmed.  It is based on the results
of the 2019 revised audit, and Carolina Trim does not contest
the accuracy of the audit's finding that the principal
deficiency was $73,284.64.[4]

Petitioners also seek, pursuant to the CBA, $38,984 in
attorney's fees and $194.40 in costs incurred in connection with
this action.  Article XV, section 6 of the CBA provides that
when a court renders judgment in favor of the Funds in an action
to collect delinquent contributions, the employer shall pay
"reasonable attorney's fees and costs of the action."

Petitioners seek attorney's fees calculated through the
lodestar method.  See McDonald ex rel Prendergast v. Pension
Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir.
2006).  There is a "'strong presumption' that the lodestar

---

[4] Carolina Trim objects to the arbitrator's observation that
Carolina Trim had backed out of a settlement and acted in bad
faith in doing so.  Because the arbitrator's observation had no
impact on the calculation of the award, it is unnecessary to
discuss this objection further.

figure represents a reasonable fee." <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999) (quoting <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986)).

The Petitioners' request for attorney's fees and costs is granted.  Carolina Trim does not object to the attorney's hourly rate or the amount of hours spent on the tasks associated with this litigation.  Carolina Trim argues, however, that Petitioners' failure to confirm the First Award should limit recoverable attorney's fees to only those incurred after February 26, 2020, the date that the case was remanded to the arbitrator.  Petitioners' claim in the initial petition to confirm the First Award was not frivolous or unreasonable, and, as Petitioners emphasize, the fees incurred since 2017 were a direct result of Carolina Trim's delay in complying with audits and arbitration since 2014.

## Conclusion

The amended petition to confirm the arbitration award is granted.  The Petitioners are awarded judgment in the amount of $133,221.80, the sum of the arbitration award, with interest accruing at a 5.25% annual rate from May 13, 2021, the date of the arbitration award.  The Petitioners are also awarded post-judgment interest at the statutory rate.  28 U.S.C. § 1961.

Finally, attorney's fees and costs for these confirmation proceedings in the amount of $39,178.40 are awarded to Petitioners.  The Clerk of Court shall enter judgment for the Petitioners and close the case.

Dated:     New York, New York
           October 22, 2021

                                   _____
                                   DENISE COTE
                          United States District Judge